**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

WALTER LUMPKIN,

    Petitioner,                                      Civil No. 05-CV-72101-DT
                                                         HONORABLE LAWRENCE P. ZATKOFF
v.                                                        UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

    Respondent,
_____/

**<u>OPINION AND ORDER DENYING THE MOTION TO STAY THE HABEAS
PROCEEDINGS AND TO HOLD THE HABEAS PETITION IN ABEYANCE</u>**

      Walter Lumpkin, ("petitioner"), presently confined at the Mound Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his application, filed *pro se,* petitioner challenges his convictions for armed robbery and carjacking. Petitioner has also filed a motion to stay the proceedings so that he can return to the state courts to exhaust an ineffective assistance of appellate counsel claim which is not currently included in his petition for writ of habeas corpus, but which he seeks to add in an amended habeas petition after exhausting this claim in the state courts. For the reasons stated below, the motion to stay the petition for writ of habeas corpus and to hold it in abeyance is **DENIED.** Petitioner is further ordered to advise the Court within thirty days of this order whether he wants to dismiss the petition for writ of habeas corpus without prejudice in order to return to the state courts to exhaust additional claims or whether he wishes to proceed with the current petition containing his three exhausted claims.

1

A federal district court has the authority to abate or dismiss a federal habeas action pending resolution of state post-conviction proceedings. *Brewer v. Johnson,* 139 F. 3d 491, 493 (5th Cir. 1998). However, in order to stay federal proceedings and hold a habeas petition in abeyance pending resolution of state court proceedings, there must be exceptional or unusual circumstances. *Sitto v. Bock,* 207 F. Supp. 2d 668, 676 (E.D. Mich. 2002). A common circumstance calling for abating an unexhausted habeas petition arises when the original petition was timely filed, but a second, exhausted habeas petition would be time barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one year statute of limitations contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

In the present case, there are no exceptional or unusual circumstances present which would justify holding the instant petition for writ of habeas corpus in abeyance pending petitioner's return to the state courts to exhaust additional claims. In this case, the Michigan Supreme Court denied petitioner's application for leave to appeal on December 29, 2004. However, the one year statute of limitations under 28 U.S.C. § 2244(d)(1) did not begin to run on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but does not file a petition for certiorari with the U.S. Supreme Court, the one year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *Bronaugh v. Ohio*, 235 F. 3d 280, 283 (6th Cir. 2000). Because petitioner did not seek a writ of certiorari with the United States Supreme Court, petitioner's judgment became final, for the purpose of commencing the running of the one year limitations period, on March 29, 2005. *See Grayson v. Grayson*, 185 F. Supp. 2d 747, 750 (E.D. Mich. 2002).

Petitioner filed the instant petition with this Court on May 22, 2005, after only fifty four days had elapsed on the one year statute of limitations. [1] Petitioner wishes to file a post-conviction motion for relief from judgment in the state courts to exhaust a new claim. 28 U.S.C. § 2244(d)(2) expressly provides that the AEDPA's one year statute of limitations is tolled during the pendency of any state post-conviction motion filed by petitioner. Because petitioner has almost an entire year remaining under the limitations period, and the unexpired portion of that period would be tolled during the pendency of petitioner's state post-conviction proceedings, a stay of the proceedings is not necessary or appropriate to preserve the federal forum for petitioner's claims. *See Schroeder v. Renico,* 156 F. Supp. 2d 838, 845-46 (E.D. Mich. 2001). The Court declines to stay the proceedings pending exhaustion of petitioner's new claim in the state court, because there are less drastic courses of action that will protect petitioner's interests. *See Hill v. Mitchell*, 30 F. Supp. 2d 997, 1001 (S.D. Ohio 1998). In this case, petitioner could withdraw his current petition without prejudice to the bringing of another application for habeas corpus relief following the exhaustion of new claims in the state courts. Alternatively, petitioner could elect to go forward in this Court with his current petition containing only the exhausted claims. *See Healy v. DiPaolo*, 981 F. Supp. 705, 707 (D. Mass. 1997).

Accordingly, the Court denies petitioner's motion to stay the proceedings. The Court further orders petitioner to advise this Court within thirty days of the Court's order whether he wishes to dismiss his petition without prejudice in order to return to the state courts to exhaust additional claims, or whether he wishes to proceed with review of only his presently exhausted claims. If

---

[1] Under the prison mailbox rule, this Court will assume that petitioner actually filed his habeas petition on May 22, 2005, the date that it was signed and dated, despite the existence of some evidence that it may have been filed later with this Court. *See Brown v. McKee,* 232 F. Supp. 2d 761, 764, n. 1 (E.D. Mich. 2002).

petitioner informs the Court that he wishes to pursue his current petition, the Court will issue a further order to the respondent regarding the filing of a response to the petition. *Healy v. DiPaolo,* 981 F. Supp. at 708.

## ORDER

Based upon the foregoing, IT IS ORDERED that the motion to stay the proceedings is **DENIED.**

IT IS FURTHER ORDERED that petitioner advise this Court within thirty days of the order whether he wishes to voluntarily dismiss the current petition without prejudice to return to the state courts to exhaust additional claims or whether he wishes to proceed on the current habeas petition containing only the three exhausted claims.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 24, 2005

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 24, 2005.

s/Marie E. Verlinde
Case Manager
(810) 984-3290

4