UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALTER LUMPKIN,

    Petitioner,                                     Civil No. 05-CV-72101-DT
                                                      HONORABLE LAWRENCE P. ZATKOFF
v.                                                       UNITED STATES DISTRICT JUDGE

ANDREW JACKSON,

    Respondent,
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION TO VOLUNTARILY DISMISS THE PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Walter Lumpkin, ("petitioner"), presently confined at the Mound Correctional Facility in Detroit, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, petitioner challenges his convictions for armed robbery and carjacking. Petitioner has now filed a motion to voluntarily dismiss his habeas petition in order to return to the state courts to exhaust additional claims. For the reasons stated below, the Court will allow petitioner to voluntarily withdraw his habeas petition and will dismiss the petition for writ of habeas corpus without prejudice.

**I. Discussion**

Fed.R.Civ.P. 41(a)(2), the civil procedure rule governing voluntary dismissals, applies to federal habeas proceedings. *Doster v. Jones*, 60 F. Supp. 2d 1258, 1259 (M.D. Ala. 1999). Petitioner is entitled to a voluntary dismissal of his habeas petition because there is no evidence that the respondent will suffer some plain prejudice from the dismissal other than the prospect of a second habeas petition later on. *Id.* at 1260. The Court also notes that subject to certain exceptions,

the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA) permit a person who is in custody pursuant to a state court judgment to bring only one habeas petition challenging that state court judgment on the merits. *See* 28 U.S.C. § 2244(b).  In this case, petitioner will be allowed the opportunity to voluntarily withdraw his habeas petition to avoid unintentionally exhausting his right to petition for habeas relief on other grounds after he returns to the state courts to exhaust these additional claims. *See Cook v. New York State Div. Of Parole,* 321 F. 3d 274, 282 (2nd Cir. 2003).

Petitioner's method of properly exhausting these claims would be through filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502.  A trial court is authorized to appoint counsel for petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing. M.C.R. 6.505-6.507, 6.508 (B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

## II.  ORDER

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE.**

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  August 11, 2005

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on August 11, 2005.

s/Marie E. Verlinde  
Case Manager  
(810) 984-3290